# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2012

Lyle W. Cayce
Clerk

No. 11-11158
Summary Calendar

COURIER SOLUTIONS INCORPORATED,

Plaintiff - Appellee

v.

CSA DELIVERY INCORPORATED, doing business as Courier Solutions of America Incorporated; WOODROW CLAYTON, SR.; WOODROW CLAYTON, JR.; DARLENE CLAYTON; ACTION COURIER & LOGISTICS L.L.C.; NORTH AMERICAN PRESORT INCORPORATED;  HOUSTON AREA COURIERS INCORPORATED,

Defendants - Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-2254

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

CSA Delivery Incorporated, et al. (Appellants) challenge the jury-trial judgment in the amount of approximately $1,760,098 and costs for, *inter alia*, breach of fiduciary duty, violations of the Lanham Act, and tortious interference with Courier Solutions Incorporated's (CSI) contracts. Appellants contend the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred because: it failed to include a duplicative-damages instruction to prevent the jury from counting damages for lost profits twice; it failed to exclude Plaintiff's Exhibit 94; and, the evidence was insufficient to support the verdict.

CSI was a courier service formed by Woodrow Clayton, Sr. and three other shareholders, created for the primary purpose of pursuing contracts with Washington Mutual (WAMU) in the Dallas area. Clayton, Sr.–who had experience in the courier-service industry and owned other courier services–was primarily responsible for developing business for the joint benefit of all shareholders and he succeeded in obtaining the contract with WAMU. As the business grew, Clayton, Sr. successfully pursued contracts with WAMU in other cities under the auspices of benefitting CSI. This new business was pursued under a variety of different corporate names, all thought to be subsidiaries of CSI by the shareholders. But, it was ultimately revealed that Clayton, Sr. had been personally benefitting from these subsidiaries while CSI and its shareholders were not reaping the profitability of this new business. This action followed.

Because Appellants did *not* preserve the duplicative-damages objection in district court, it is subject only to plain-error review. *E.g., Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To establish reversible plain error, Appellants must show a clear or obvious error affecting their substantial rights. *E.g., Puckett*, 129 S. Ct. at 1429. Even if reversible plain error is shown, our court retains discretion to correct the error and will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings". *Id.*

In *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277 (5th Cir. 2007), our court reviewed a duplicative-damages challenge under the plain-error standard and, to satisfy that standard, required a showing that "the challenged instruction was an obviously incorrect statement of law that was probably

responsible for an incorrect verdict". *Id.* at 300. Our court ultimately concluded that the incorrect instruction could not be considered responsible for an incorrect verdict when the total damages do not exceed the amount which defendants argued would be reasonable at trial. *Id.* As CSI notes on appeal, the total damage award is equal to that which was testified to by Appellants' damages expert at trial and, as a result, Appellants cannot establish error, much less reversible plain error.

Our court reviews the district court's determination on the admissibility of evidence for abuse of discretion. *Compaq Computers Corp. v. Ergonome Inc.*, 387 F.3d 403, 408 (5th Cir. 2004). Even if an abuse of discretion is found, the harmless error doctrine applies unless a substantial right of the complaining party is affected. *Id.*

Appellants contend the court abused its discretion in admitting Plaintiff's Exhibit 94–offered for calculation of damages–because CSI failed to disclose the exhibit in a timely manner in accordance with Federal Rule of Civil Procedure 26 and, as a result, the jury may have considered improper information therein when computing damages. But, Appellants point to no errors in Exhibit 94 that could be improperly relied upon. Therefore, Appellants have failed to establish an abuse of discretion or, even assuming an abuse of discretion, harmful error.

Appellants further contend that the evidence was insufficient to support the verdicts against Clayton, Jr., Darlene Clayton, and Action Courier & Logistics, L.L.C.. But, this contention is waived because Appellants failed to raise this challenge at the close of evidence and failed to timely raise this challenge after the judgment was entered. *See Navigant Consulting*, 508 F.3d at 288.

AFFIRMED.